UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BELIEVE P. KELSON, | No. CV 15-4914-PLA |
| Petitioner, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ELVIN VALENZUELA, | |
| Respondent. | |

**I**

**SUMMARY OF PROCEEDINGS**

On July 3, 2012, following a bench trial, the Los Angeles County Superior Court found petitioner guilty of assault with a firearm (Cal. Penal Code § 245(a)(2)) and misdemeanor vandalism (Cal. Penal Code § 594(a)). The court also found true a firearm allegation within the meaning of California Penal Code § 12022.5(a). (Clerk's Transcript ("CT") 126-27, 222[1]). Petitioner admitted that he had a prior conviction, and was sentenced to eight years in state prison. (CT 127, 218-22).

---

[1] The abstract of judgment incorrectly reflects that petitioner was found guilty pursuant to a plea.

On direct appeal, petitioner's counsel filed an opening brief pursuant to People v. Wende, 25 Cal.3d 436, 158 Cal.Rptr. 839 (1979), requesting an independent review of the record. (Lodgment No. 2). Petitioner also filed a supplemental brief.[2] (Lodgment No. 3 at 2). On September 5, 2013, after reviewing the record and finding no cognizable issues on appeal, the California Court of Appeal affirmed the judgment. (Lodgment No. 3). Petitioner did not file a petition for review. (Petition at 3; Motion to Dismiss at 3 n.2).

On April 21, 2014, petitioner "constructively filed"[3] a habeas petition in the California Supreme Court. (Lodgment No. 5). On June 25, 2014, the California Supreme Court denied the petition. (Lodgment No. 6).

On June 21, 2015, petitioner constructively filed the instant Petition in this Court, and consented to have the undersigned Magistrate Judge conduct all further proceedings in this matter. On August 21, 2015, respondent filed a Motion to Dismiss, and also consented to have the undersigned Magistrate Judge conduct all further proceedings. On September 3, 2015, petitioner filed an Opposition to the Motion to Dismiss.

This matter has been taken under submission, and is ready for decision.

II

**PETITIONER'S CONTENTIONS**

1. Insufficient evidence was presented at the preliminary hearing. (Petition at 5).

2. Petitioner's right to a speedy trial was violated. (Petition at 5-6).

3. There was insufficient evidence showing that petitioner used a deadly weapon. (Petition at 6).

---

[2] A copy of petitioner's supplemental brief on appeal was not lodged with the Court.

[3] Under the "mailbox rule," a court will deem a petition constructively filed on the date the prisoner gives prison authorities the petition to mail to court. See Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that a prisoner's federal or state habeas petition is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk") (internal quotations and citation omitted). "To benefit from the mailbox rule, (1) a prisoner must proceed without counsel, and (2) the petition must be delivered to prison authorities for mailing to the court within the limitations period." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014).

4.    The prosecutor failed to disclose exculpatory evidence to the defense.  (Petition Attachment at 19).

5.    The trial court erroneously denied motions.  (Petition Attachment at 20).

### III

### THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS

Respondent argues that the Petition is barred by the one-year statute of limitations as prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2244(d)(1).  (Motion to Dismiss at 4-6).

**A.    THE LIMITATIONS PERIOD**

The Petition was filed after the enactment of the AEDPA.  Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Therefore, the Court applies the AEDPA in its review of this action.  See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The AEDPA imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1) ("the statute of limitations").  That section provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1)(A).

Here, on direct appeal, the California Court of Appeal affirmed petitioner's conviction on September 5, 2013.  Petitioner then had forty days -- until October 15, 2013 --  to file a petition for review in the California Supreme Court.  See Cal. R. Ct. 8.366, 8.500.  Because petitioner did not file a petition for review, his conviction became final for AEPDA purposes on October 15, 2013, and the one-year limitations period for filing a federal habeas petition expired one year later, on October 15, 2014.  See 28 U.S.C. § 2244(d).

Absent statutory or equitable tolling, the instant Petition, constructively filed on June 21, 2015, is time barred.

### B.  STATUTORY TOLLING

The running of the AEDPA is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.

Here, during the one-year limitations period, petitioner constructively filed a habeas petition in the California Supreme Court on April 21, 2014, which was denied on June 25, 2014. In total, the state petition was pending for sixty-six days. This extended the limitations period from October 15, 2014, to December 22, 2014.[4] Accordingly, absent sufficient equitable tolling, the instant Petition, constructively filed on June 21, 2015, is untimely.

### C.  EQUITABLE TOLLING

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In order to qualify, a petitioner must demonstrate: (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)) (internal quotation marks omitted). "The petitioner must additionally show that the

---

[4] Adding sixty-six days to October 15, 2014, extends the AEDPA deadline to Saturday, December 20, 2014. The limitations deadline was then extended further to the next court day, Monday, December 22, 2014. (See Cal. Code Civ. Proc. §§ 12, 12a, 12b; see also Fed.R.Civ.P. 6(a).

4

extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (internal quotations, brackets, and citations omitted).

Petitioner in his Opposition states the following grounds for equitable tolling:

> I was told by my appellate attorney Brian Wright that he would seek review in the [California] Supreme Court. When I found out he didn't, I quickly filed my habeas corpus in the California Supreme Court. The Supreme Court[']s decision became final on 6-25-2014. From that day, I had one year time limit to file in the federal court.

(Opposition).

In noncapital cases, ordinary negligence on the part of legal counsel is not an extraordinary circumstance warranting equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (ordinary attorney negligence, such as miscalculating a deadline, does not justify equitable tolling). However, when counsel's conduct is "sufficiently egregious" and the proximate cause of an untimely filing, equitable tolling may be appropriate. See Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003).

Here, although petitioner alleges that his appellate counsel failed to file a petition for review, petitioner does not allege that counsel's inaction actually prevented him from seeking timely federal habeas relief. In other words, petitioner has not shown any causal connection between the failure to file the petition for review and the untimely filing in *this* Court. See, e.g., Randle v. Crawford, 604 F.3d 1047, 1055 (9th Cir. 2010) (no equitable tolling where petitioner's attorney's failure to perfect an appeal did not prevent petitioner from filing a federal habeas action as "[c]ounsel's failure to perfect an appeal simply meant that [petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action -- it did not prevent him from filing the petition").

In any event, petitioner's claim for equitable tolling also fails because he has not demonstrated that he acted with the requisite diligence in pursuing habeas relief. The diligence required for equitable tolling is "reasonable diligence[.]" Holland, 560 U.S. at 653 (internal quotation marks omitted). "The purpose of requiring a habeas petitioner to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own

doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1012-13 (9th Cir. 2011) (citations omitted).

The Court notes that in petitioner's habeas petition filed in the California Supreme Court, petitioner explained that he did not file a petition for review "because [he] found out about the [court of appeal's] decision a month after the fact." (Lodgment No. 5 at 6). Thus, given that his direct appeal was denied on September 5, 2013, it appears that petitioner became aware of that fact one month later, on or around October 5, 2013 -- ten days prior to the October 15, 2013, deadline for seeking review in the California Supreme Court. Nevertheless, petitioner did not file his state habeas petition in the California Supreme Court until April 21, 2014 -- over six months after he learned about the denial of his appeal. After his state petition was denied on June 25, 2014, petitioner then delayed nearly one year before constructively filing the instant Petition on June 21, 2015.

As explained above, petitioner had one year after the time for filing his petition for review expired to seek federal habeas relief, which was extended for sixty-six days due to statutory tolling. There is no indication in the record that any obstacle stood in his way during that period that prevented him from filing in federal court. Additionally, although petitioner apparently believed that his appellate counsel would file a petition for review, there is no indication that petitioner attempted to communicate with his counsel to ascertain the status of his case or otherwise received assurances that his attorney was in fact actively working on his case. See, e.g., Doe, 661 F.3d at 1009, 1013-15 (granting equitable tolling when the petitioner, after paying $20,000 to his attorney to represent him in federal court for habeas purposes, "wrote numerous letters and made scores of phone calls from prison to remind his attorney of the deadline, and received assurances from the attorney that the petition would be filed"). Under these circumstances, the Court concludes that petitioner failed to act with reasonable diligence.

Additionally, to the extent petitioner contends that he miscalculated the federal filing date because of his pro se status and lack of knowledge of the law, such a contention is unavailing.[5] "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) ("[T]his court has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling.") (quotation marks and citation omitted); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (quotation marks and citation omitted).

For these reasons, the Petition is time-barred.

## IV
## **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when it denies a state habeas petition. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). In particular, "[w]hen

---

[5] In the Opposition, petitioner erroneously states that his Petition is timely because he had one year to file from the time the California Supreme Court denied his habeas petition on June 25, 2014. Rather, as explained supra, the limitation period starts to run from the "the date on which the judgment became final by the *conclusion of direct review* or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A) (emphasis added).

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that, for the reasons set out supra, jurists of reason would not find the Court's statute of limitations ruling debatable or wrong. Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## V
## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Judgment is entered denying and dismissing the Petition with prejudice. A certificate of appealability is also denied.

DATED: September 29, 2015

/s/ Paul L. Abrams

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE